## SHERMAN *a*. FREAM.

*Supreme Court, First District; Special Term, November,* 1858.

### PARTIES.—AMENDMENT.

In an action against three defendants for a wrong, one of the defendants died pending the action, and a discontinuance was entered as against another. Judgment for the plaintiff having been given, the remaining defendant moved to vacate it for irregularity, and the plaintiff asked to have it amended to stand against the remaining defendant alone.

*Held,* that the amendment should be granted. The power of amendment under the Code, either before or after judgment, by adding or striking out the names of parties, is comprehensive, and includes almost all cases which can arise and call for the interposition of the court.

Motion to vacate judgment.

The facts are stated in the opinion.

INGRAHAM, J.—The plaintiff having entered on the record a suggestion of the death of one of the defendants, and a discontinuance as to another, claims to hold the judgment as to the third defendant.

The defendant moves to set aside the judgment for irregularity.

Whether it was necessary to bring in the representatives of the deceased defendant, or not, depends on the nature of the action. If it was for a joint contract, it was necessary. If it was for a tort, whether joint or several, it was not necessary.

The action was against the defendants, as owners or charterers of a steamboat, to recover damages occasioned by their servants in running down a sloop.

I am utterly at a loss to see in what respect the action is founded on a contract. The defendants never contracted that they would not run down the sloop ; and it is for that act that they are sued. The action under the old system would have been *case*, and not assumpsit.

The defendant's counsel appears to entertain the opinion that

because the defendant became liable to answer for the act of the persons in the steamboat, that therefore the action was in contract. But that is not so. The contract of chartering only made the defendants the owners, but did not make a contract between plaintiff and defendants. It no more entered into the nature of the action, than it would if the defendants had become the owners by purchase.

It was only evidence to show that the defendants by the charter party had, for the time being, become the owners, and responsible for damage occasioned by the negligence of their servants.

All actions for wrongs, whether a trespass or other cause, coming within the general term of torts, may be sued jointly or severally; and in the case of a joint wrong, all or any of the parties may be sued. (*Graham's Pr.*, 92; 1 *Johns. R.*, 230.)

The power of amendment under the Code, either before or after judgment, by adding or striking out the names of parties, is so comprehensive as to cover almost all cases which can arise and call for the interposition of the court.

In the present case, there is no good reason why these amendments should not be allowed. The objection at best is only technical. The defendant does not pretend that he has sustained any injury by having the names of the other defendants retained during the trial. His liability must have been established by evidence other than that charging the other defendants; and as the liability may be enforced against him either jointly with others or severally, the case is one of those which it was intended by the framers of the Code should be corrected by amendment.

In regard to the objections as to the order to hear the exceptions at the general term, I think the order was correct; and besides, it is not stated in the notice of motion as an irregularity.

The motion is denied, without costs.